RONALD SCANLAN
Lakeview Specialty Hospital and Rehab
1701 Sharp Road
Waterford WI 53185,

        Plaintiff,

UNITED HEALTHCARE CORPORATION        Case No. _____
CT Corporation System, Registered Agent
301 South Bedford Street, Suite I
Madison, WI 53703,

        Involuntary Plaintiff,

v.

ADAMS MANUFACTURING COMPANY
Robert C. Morgan, President
50 WOODSIDE RD, Unit 13
ARDMORE, PA  19003

ABC INSURANCE COMPANY,
a fictitious insurance company,

DEF INSURANCE COMPANY,
a fictitious insurance company,

        Defendant.

## COMPLAINT

The plaintiff, Ronald Scanlan, through his attorneys, Habush Habush & Rottier s.c., by Daniel A. Rottier, hereby alleges the following against the defendant:

1.     The plaintiff, Ronald Scanlan's permanent address is 36 Nika Court, Green Bay, Brown County, Wisconsin 54313.  He is temporarily residing at Lakeview Specialty

Hospital and Rehab, County, 1701 Sharp Road, Waterford, Racine County, Wisconsin 53185. He is a citizen of the State of Wisconsin.

2. Involuntary Plaintiff United Healthcare Corporation (hereinafter "UHC") has paid medical expenses on behalf of the plaintiff, Ronald Scanlan, and may have an interest arising out of subrogation. The involuntary plaintiff is a citizen of the State of Wisconsin whose registered agent CT Corporation System, Registered Agent, 301 South Bedford Street, Suite I, Madison, WI 53703.

3. Defendant Adams Manufacturing Company (hereinafter "AMC") is a corporation whose principal place of business is in the State of Pennsylvania. AMC is not a citizen of the State of Wisconsin.

4. Defendants ABC Insurance Company and DEF Insurance Company, on information and belief, provided liability insurance for defendant AMC for the claims brought in this complaint and are proper parties to this action.

## JURISDICTION

5. The plaintiff is a citizen of a state different than the citizenship of AMC and brings this action under 28 U.S.C. § 1332 and alleges that the matter in controversy exceeds $75,000.00.

## GENERAL ALLEGATIONS

6. Reallege the foregoing paragraphs 1 through 5 of this Complaint.

7. The plaintiff Ronald Scanlan was one of several people who rented a home from Homestead Suites, Inc. (hereinafter "Homestead"), 4006 Main Street, Fish Creek, Wisconsin 54212 for the weekend, which included October 29, 2021 through October 31, 2021.

8. At the time of the accident referred to below, Mr. Scanlan was legally on the premises of Homestead and using materials and services provided by them with their permission, in particular the Adirondack-style chair(s) referenced below.

9. Homestead is the owner of rental properties in Door County, Wisconsin and on or about June 6, 2021, it purchased from Nelson Shopping Center FC store six Adirondack-style chairs manufactured by Defendant AMC. Attached as **Exhibit A** is the sales receipt reflecting that purchase.

10. The six chairs referenced above were placed in the backyard of the home which was rented to the plaintiff and his friends for the weekend during which the accident occurred.

11. Shortly before midnight on October 29, 2021, plaintiff, Ronald Scanlan placed some, but not all, of his weight on one of the Adirondack-style chair manufactured by the defendant AMC. The chair collapsed, resulting in the plaintiff striking the ground. As a result of striking the ground, he suffered serious personal injuries resulting in quadriplegia.

12. As a result of the quadriplegia suffered by the plaintiff, he has been and will in the future be required to spend money for medical care. His ability to earn income has been permanently reduced. He has suffered the loss of the enjoyment of life and has experienced interference with the normal activities which he enjoyed prior to the injury as well as pain and suffering. He has also suffered the loss of society and companionship of his wife.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE OF ADAMS MANUFACTURING COMPANY**

13. Reallege the foregoing paragraphs 1 through 12 of this Complaint.

14. The defendant, AMC, through its agents, servants and employees were negligent and careless in the design, manufacture, assembly, testing, inspection, warning and sale of the Adirondack-style chair referenced above and involved in the accident and was negligent in other unspecified ways.

15. The negligence and carelessness of AMC was a substantial factor and cause of injuries sustained by the plaintiff, Ronald Scanlan, and such injuries would not have occurred absent the failure of the chair.

## SECOND CAUSE OF ACCTION
## STRICT LIABILITY OF ADAMS MANUFACTURING COMPANY

16. Reallege the foregoing paragraphs 1 through 15 of this Complaint.

17. The Adirondack-style chair manufactured by the defendant and involved in the accident was defective for one more of the following reasons:

  (a) It contained a manufacturing defect;
  (b) It was defective in design;
  (c) It was defective because of inadequate instructions or warnings.

As such, AMC is liable to plaintiff under Wis. Stat. § 895.047.

18. The defective condition of the Adirondack-style chair involved the accident rendered the product unreasonably dangerous to users; the defective condition existed at the time the product left the control of AMC; and the Adirondack-style chair involved in the accident had not undergone any substantial change from the condition in which it was manufactured.

19. The defective condition of the Adirondack-style chair was the cause of injuries suffered by plaintiff and on information and belief such injuries would not have been suffered absent the defective condition alleged above.

WHEREFORE, plaintiff, Ronald Scanlan, demands judgment as follows:

A. Judgment in favor of plaintiff against the defendants in an amount sufficient to constitute fair and reasonable compensation for all of his injuries and damages, past and future along with cost disbursement and attorney's fees incurred in this action;

B. For a determination of what interest, if any, the involuntary plaintiff has in any proceeds of settlement or verdict in this case;

C. For attorneys' fees, costs and disbursements;

D. For whatever relief the Court deems proper.

**JURY DEMAND IS HEREBY DEMANDED BY PLAINTIFF**

Dated this 17th day of May, 2022.

**HABUSH HABUSH & ROTTIER SC®**

*s/ Daniel A. Rottier*
Daniel A. Rottier
 State Bar No. 1016998
Elissa Bowlin
 State Bar No. 1052303
*Attorneys for Plaintiffs*

150 E. Gilman St. #2000
Madison, WI 53703
(608) 255-6663 (Telephone)
(608) 255-0745 (Facsimile)

5
Case 2:22-cv-00586-PP    Filed 05/17/22    Page 5 of 5    Document 1