UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD SCANLAN,

        Plaintiff,

    v.
                                      Case No. 22-cv-586-pp

UNITED HEALTHCARE CORPORATION,

        Involuntary Plaintiff,

    v.

ADAMS MANUFACTURING COMPANY,
ABC INSURANCE COMPANY,
and DEF INSURANCE COMPANY,

        Defendants,

and

UNITED HEALTHCARE CORPORATION,

        Cross-Claimant,

    v.

RONALD SCANLAN,

        Cross-Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE COURT'S DISCOVERY ORDER AND FOR SANCTIONS AGAINST PLAINTIFF (DKT. NO. 58)**

---

On September 18, 2023, the court filed an order, which, in pertinent part, granted in part defendant Adams Manufacturing Company's motion to compel. Dkt. No. 54 at 7-23. On February 22, 2024, the defendant filed a

1

motion to enforce the court's discovery order and for sanctions against plaintiff Ronald Scanlan. Dkt. No. 58. The plaintiff did not file a response to this motion by the required deadline and, as of the time of this order, still has not filed a response. See Civil Local Rule 7(b) (E.D. Wis.) ("For all motions other than those for summary judgment or those brought under Civil L.R. 7(h) . . . any memorandum and other papers in opposition must be filed within 21 days of service of the motion.").

Based on the defendant's unopposed declaration and exhibits, dkt. no. 59, the court finds that the plaintiff has not fully complied with the court's September 18, 2023 order, dkt. no. 54. The court will grant the defendant's motion to enforce the court's discovery order and for sanctions against the plaintiff. Dkt. No. 58.

**I.    Background**

On May 17, 2022, the plaintiff filed the complaint, alleging that he suffered injuries and damages due to an Adirondack-style chair manufactured by the defendant. Dkt. No. 1. The plaintiff alleged that on October 29, 2021, while he was staying at a vacation home rented from Homestead Suites, Inc. (Homestead), he "placed some, but not all, of his weight on" the chair. Id. at ¶¶7-11. The plaintiff alleged that the chair collapsed, causing him to strike the ground and "suffer[] serious personal injuries resulting in quadriplegia." Id. at ¶11.

On January 10, 2023, the defendant filed a motion to compel the plaintiff to respond to its September 30, 2022 discovery requests and produce

responsive documents. Dkt. No. 30 at 1. As noted, the court granted this motion in part on September 18, 2023. Dkt. No. 54 at 7-23.

    A.    <u>The September 18, 2023 Order (Dkt. No. 54)</u>

The court rejected the plaintiff's argument that he should not have to respond to Interrogatories No. 13 to 21 and their related requests for production (Requests for Production 9 to 20) because the defendant had exceeded the twenty-five-interrogatory limit in Federal Rule of Civil Procedure 33 and Civil L.R. 22. <u>Id.</u> at 8, 16. The court observed that the parties disputed the number of interrogatories the defendant had served the plaintiff,[1] but found the number of interrogatories immaterial. <u>Id.</u> at 8-9. Based on the plaintiff's failure to comply with the parties' agreed-upon procedure for objecting to excess interrogatories,[2] the court found that the plaintiff had "waived his objections to the number of interrogatories in the requests." <u>Id.</u>

The court also addressed the parties' disputes regarding specific interrogatories and requests for production. <u>Id.</u> at 20-21. The court overruled the plaintiff's objections to Request for Production No. 22, which "ask[ed] the plaintiff to 'produce any and all communications between you and any third-

---

[1] The plaintiff claimed the defendant had served fifty-three interrogatories, while the defendant claimed it had served only twenty-one. Dkt. No. 54 at 8.

[2] In their joint Rule 26(f) report, the parties agreed that any party in receipt of interrogatories exceeding the number allowed by Rule 33 "may file objections within 10 business days from the date of service asserting that the excess Interrogatories are not reasonable in light of the circumstances of the case[.]" Dkt. No. 54 at 8-9 (quoting Dkt. No. 21 at 2). Despite the plaintiff having proposed this procedure, he did not file objections with the court within ten business days of receipt of the defendant's interrogatories. <u>Id.</u>

3

party regarding or related to the Incident.'" Id. at 20 (quoting Dkt. No. 31 at 18). The court explained that this request captured not only communications about the October 29, 2021 incident but also "the injuries that resulted from the incident." Id. The court stated that "the defendant asked for communications[—a term defined in the defendant's discovery requests—]rather than statements"[3] and that "[t]he plaintiff's responses to inquiries about how he is doing in his recovery would be relevant to this litigation."[4] Id. The court ordered that "[t]he plaintiff must provide full and complete responses to . . . Request for Production No[]. 22[.]" Id. at 23.

The court also addressed the disputes surrounding Request for Production No. 24, which requested any and all communications with Homestead and/or its representatives. Id. at 21. At the time of the court's order, the plaintiff had responded to this request for production only by

---

[3] The court stated earlier in its order:

> The defendant did not [define] the word "statement" in its discovery requests; however, the defendant included a definition for "communication" to include "transmissions of any nature between one or more persons and one or more other persons including, without limitation, formal or informal discussions, conversations, conferences, or meetings in person or by telephone, text, social media, computer application, smart phone app, or any other means of transmission of written, electronic, or verbal communications."

Dkt. No. 54 at 18 (quoting Dkt. No. 30 at 10); see also Dkt. No. 31 at 8.

[4] In the plaintiff's first amended responses, he stated that "[t]here have been inquires to plaintiff from friends and relatives since the accident as to how he is doing generally, and he has responded. The responses were in the form of text messages and are only a general overview of how he may have been doing at the time." See Dkt. No. 39-6 at 5-6.

4

providing "the Park House Vacation Home Rental Agreement and House Rules." Id. The defendant argued that "[i]t is clear this cannot be the only responsive document Plaintiff has in his possession and control[,]" and "suggest[ed] that it [was] aware that communications exist[ed] between the plaintiff and Homestead Suites' insurers." Id. The court determined that it would "give the plaintiff an opportunity to clarify whether any such documents exist." Id. The court ordered that "[t]he plaintiff must provide full and complete responses to . . . Request for Production No[]. . . . 24." Id. at 23.

The court concluded by denying without prejudice the defendant's request for an award of costs and fees in bringing the motion to compel. Id. at 22. The court reasoned that "[b]ecause some of the requests and interrogatories were overly broad and/or not proportional, the court will require the parties to bear their own costs for this discovery dispute." Id.

      B.     Events Following the Court's Order

According to the defendant, its counsel sent a letter to the plaintiff's counsel on October 17, 2023, summarizing the supplemental discovery responses and production required by the court's order. Dkt. No. 58 at 2 (citing Dkt. No. 59 at ¶4). The plaintiff did not respond to this letter, so the defendant sent a follow-up email on October 30, 2023, asking the plaintiff to provide supplemental responses and a supplemental document production on or before November 6, 2023. Id. (citing Dkt. No. 59 at ¶¶5-6). On November 6, 2023, the plaintiff provided the defendant with unverified supplemental responses and a supplemental document. Id. (citing Dkt. No. 59 at ¶7).

5

After the defendant reviewed the plaintiff's supplemental discovery, it sent a third letter to the plaintiff's counsel asserting that the plaintiff's responses were deficient as to Interrogatory No. 14 and Requests for Production Nos. 10, 22 and 24. Id. (citing Dkt. No. 59 at ¶9). The letter asked the plaintiff for a response by January 12, 2024. Id. (citing Dkt. No. 59 at ¶9). As of February 22, 2024, the defendant had not received a response to its third letter. Id. (citing Dkt. No. 59 at ¶¶9-10).[5]

On February 22, 2024, the defendant filed the instant motion. Dkt. No. 58. The defendant contends the plaintiff has not complied with the court's order regarding Interrogatory No. 14 or Requests for Production Nos. 10, 22 and 24. Id. at 2-4. The defendant claims that the plaintiff's response to Interrogatory No. 14—which "seeks information regarding the plaintiff's past and future wage loss claims[]"—is deficient because it references employment records that the plaintiff did not produce in response to Interrogatory No. 14's affiliated request for production (Request for Production No. 10). Id. at 2-3. The defendant argues the plaintiff still has not produced any responsive documents relating to Request for Production No. 22, despite the plaintiff previously acknowledging the existence of communications about his injuries that the court determined would fall within this request. Id. at 3-4; Dkt. No. 59-4 at 3-4. Finally, the defendant disputes the plaintiff's response to Request for Production No. 24, which continues to assert that "the Park House Vacation

---

[5] The defendant claims that as of February 22, 2024, the plaintiff also had failed to provide a verified version of the response he sent in November 2023. Dkt. No. 58 at 2 (citing Dkt. No. 59 at ¶8).

6

Home Rental Agreement and House Rules" is the only communication between the plaintiff and "Homestead Suites and/or its representative(s)." Dkt. No. 58 at 4. The defendant says that Homestead's production responsive to the defendant's subpoena, as well as statements from Homestead's insurer (West Bend Mutual Insurance Company), demonstrate that there have been additional communications not produced by the plaintiff. Id.; Dkt. No. 59 at ¶¶13-14.

The defendant asks the court to issue "an order requiring immediate compliance and imposing appropriate sanctions." Dkt. No. 58 at 6. The defendant contends that the plaintiff should be required to pay the defendant's attorney's fees for this motion and its original motion to compel. Id. The defendant argues that the "[p]laintiff's failure to satisfy the Court's Order was not justified, nor would awarding fees be unjust." Id. The defendant asserts that it "is entitled to its attorney fees, not only for bringing this motion, but also those fees incurred in preparing the original motion to compel—which would not have been necessary if Plaintiff had timely complied with its discovery obligations." Id.

The plaintiff did not file a response to the motion within the twenty-one day deadline and on March 20, 2024, the plaintiff filed a reply brief. Dkt. No. 63. The defendant also filed a declaration informing the court that the "Plaintiff's counsel produced Plaintiff's employment records on February 26, 2024." Dkt. No. 64 at ¶2. The declaration included a letter from the plaintiff's counsel, dated February 26, 2023, that stated, "Enclosed are Ronald Scanlan's

7

employment records from BMO Harris, which were inadvertently not included with the documents provided via email and letter of November 6, 2023." Dkt. No. 64-1 at 1. The defendant's brief stated that "[t]he employment records are responsive to Request for Production No. 10 and provide information relevant to Interrogatory No. 14; however, no further documents or response has been received from Plaintiff." Dkt. No. 63 at 2.

## II. Legal Standard

Rule 37(a) of the Federal Rules of Civil Procedure allows a party to move to compel discovery responses if the opposing party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). Under Rule 37(b), if a party does not comply with an order compelling discovery, the court may enforce the order and issue sanctions. See Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."). Rule 37(b) allows the court to impose sanctions, such as "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; "staying further proceedings until the order is obeyed"; or "dismissing the action or proceeding in whole or in part[.]" See Fed. R. Civ. P. 37(b)(2)(A)(ii), (iv)-(v). If the court determines that a party has failed to obey its discovery order, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including

attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). "The party facing the sanctions (the non-complying party) bears the burden to establish that the failure was substantially justified or harmless or the imposition of sanctions would be unjust." DR Distributors, LLC v. 21 Century Smoking, Inc., 513 F. Supp. 3d 839, 959 (N.D. Ill. 2021) (citing Salgado by Salgado v. Gen. Motors, Corp., 150 F.3d 735, 742 (7th Cir. 1988)).

Under the Federal Rules of Civil Procedure, the district court has discretion in directing the discovery process in litigation, and it has broad discretion in determining whether a discovery violation has occurred and warrants sanctions. See David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003); see also Hunt v. DaVita, Inc., 680 F.3d 775, 780 (7th Cir. 2012) ("District courts have broad discretion in supervising discovery, including deciding whether and how to sanction such misconduct, for they are much closer to the management of the case and the host of intangible and equitable factors that may be relevant in exercising such discretion."). "Although there is no requirement that the district court select the 'least drastic' sanction, district courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules.'" Rice v. City of Chicago, 333 F.3d 780, 784 (7th Cir. 2003) (quoting Melendez v. Ill. Bell Tel. Co., 79 F.3d 661, 672 (7th Cir. 1996)). "Among the factors included in the analysis are 'the frequency and magnitude of the [party's] failure to

9

comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit.'" Id. (quoting Williams v. Chi. Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998)).

**III. Analysis**

The court could grant the defendant's motion solely based on the plaintiff's failure to oppose it. The plaintiff has, once again, failed to comply with the briefing requirements of Civil L.R. 7(b), which states that a party's "[f]ailure to respond to [a] motion may result in the Court deciding the motion without further input from the parties." But Civil L.R. 7(d) goes further and states that "[f]ailure to comply with the briefing requirements in Civil L.R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion." The plaintiff's response to the defendant's motion was due March 14, 2024—twenty-one days after service of the motion, see Civil L.R. 7(b); the plaintiff has yet to file a response. Although under Civil L.R. 7(d), the court could grant the defendant's motion without further analysis, it will not do so, despite the fact that this is the third time the plaintiff has failed to comply with Civil L.R. 7(b) and file a timely response.[6]

---

[6] The plaintiff failed to timely respond to the defendant's motion to compel, instead he filed a motion for an extension of time two weeks after his response was due; the court denied that motion because the plaintiff did not demonstrate excusable neglect. Dkt. No. 54 at 3-7. The plaintiff failed to timely respond to the defendant's expedited motion to compel preservation of physical evidence to prevent spoilage, so the court treated that motion as unopposed. Dkt. No. 65 at 2.

10

Review of the defendant's unopposed declaration and exhibits, dkt. no. 59, reveals that the plaintiff has not fully complied with the court's September 18, 2023 order, dkt. no. 54. Regarding Request for Production No. 22, the court explained that this request for production captured not only communications about the October 29, 2021 incident but also "the injuries that resulted from the incident." Dkt. No. 54 at 20. The court clarified that "[t]he plaintiff's responses to inquiries about how he is doing in his recovery would be relevant to this litigation." Id. Despite these rulings and the plaintiff previously noting that "[t]here have been inquires to plaintiff from friends and relatives since the accident as to how he is doing generally, and he has responded[,]" see Dkt. No. 39-6 at 5-6, the plaintiff has not produced responsive documents. Instead, the plaintiff sent an unverified amended response in November 2023, stating that he "is in the process of searching for responsive documents and will produce such documents if located." Dkt. No. 59-3 at 25. Because the plaintiff previously admitted that he has at least some documents that are captured by this request—his text messages with friends and relatives about his injuries and recovery—this response does not suffice. The plaintiff has not obeyed the court's order to "provide full and complete responses to . . . Request for Production No[]. 22[.]" Dkt. No. 54 at 23.

As to Request for Production No. 24, the defendant's unopposed declaration and exhibits demonstrate that the plaintiff still has not "produce[d] all communications with Homestead Suites and/or its representative(s)." Dkt. No. 59-3 at 26. Before the court's September 2023 order, the plaintiff had

11

responded to this request for production with only "the Park House Vacation Home Rental Agreement and House Rules." Dkt. No. 54 at 21. Following the court's order, the plaintiff's amended response stated he "has again searched and has not located any additional documents responsive to this request." Dkt. No. 59-3. But the defendant has filed multiple documents it received from *Homestead* and *Homestead's insurer*, reflecting that the plaintiff's counsel communicated with these third parties. Dkt. Nos. 59 at ¶¶13-14, 59-5, 59-6. These emails, and a West Bend chain-of-custody form, qualify as responsive documents to Request for Production No. 24 because they fall within the broad definition of "communication" provided in the defendant's discovery requests. See Dkt. No. 31 at 8. Giving the plaintiff the benefit of the doubt, he may have interpreted Request for Production No. 24 as seeking only communications involving the plaintiff himself. That interpretation is not supported by the broad definitions in the defendant's discovery requests and the context of the court's ruling regarding Request for Production No. 24.[7] In failing to provide the

---

[7] The defendant provided the following definition in its discovery requests:

> Each of the terms "Plaintiff," "Scanlan," "you," and "your" shall mean and refer to Plaintiff Ron Scanlan, including, but not limited to, *Plaintiff's agents, representatives, attorneys, employees, and all persons or entities that have acted, or purported to act, on his behalf*.

Dkt. No. 31 at 6 (emphasis added). The court had in mind this definition when noting "[t]he defendant suggests that it is aware that communications exist between *the plaintiff* and Homestead Suites' insurers." Dkt. No. 54 at 21 (citing Dkt. No. 43 at 14). In making this statement, the court cited the defendant's reply brief, which claimed that the "[p]laintiff failed to provide any communications *by him or on his behalf* with Homestead Suites' insurers, even though Adams is aware that such communications exist." Dkt. No. 43 at 14.

12

defendant with the communications the defendant has identified, the plaintiff failed to comply with the court's order to "provide full and complete responses to . . . Request for Production No[]. . . . 24." Id. at 23.

As to Interrogatory No. 14 and Request for Production No. 10, the defendant explains that Interrogatory No. 14 was one of the interrogatories to which the plaintiff did not respond at all because he argued that it exceeded the number of interrogatories allowed. Dkt. No. 58 at 2-3. The defendant asserts that the plaintiff *did* respond to the interrogatory after the court issued its September 2023 ruling, but asserts that that response is deficient. Id. at 3. Interrogatory No. 14 asked for information about the plaintiff's past and future wage loss claims; the defendant says that in his supplemental response regarding bonus information, the plaintiff mentioned "employment records in response to R[equest] F[or] P[roduction} No. 10," but then didn't provide such records or any other substantive response. Id. Request for Production No. 10 sought "all documents, records, electronically stored information, or other tangible evidence identified in or related to [the plaintiff's] response to Interrogatory No. 14." Id. at 3. Again, the defendant asserts that the plaintiff says that he has produced "employment records from BMO Harris," but that no such records were included in the plaintiff's supplemental document production or in response to a subsequent request. Id.

When the plaintiff failed to respond to the instant motion, the defendant nonetheless filed a reply brief. Dkt. No. 63. In that reply brief, the defendant says that the plaintiff "produced his employment records on February 26,

13

2024." Id. at 2. That would have been two days after the defendant filed the instant motion. Along with the late-produced employment records, the plaintiff's counsel sent a cover letter, which stated:

> Enclosed are [the plaintiff's] employment records from BMO Harris, which were inadvertently not included with the documents provided via email and letter of November 6, 2023. This includes an Index, with all documents combined, that was prepared by our firm.

Dkt. No. 64-1 at 1. The defendant asserts in the reply brief that "[t]he employment records are responsive to Request for Production No. 10 and provide information relevant to Interrogatory No. 14; however, no further documents or response has been received from the Plaintiff." Dkt. No. 63 at 2. The defendant goes on to ask that the court "order Plaintiff to provide a full and complete response to Interrogatory No. 14 and to provide all documents responsive to Requests for Production 10 . . . ." Id.

The court is not sure what to make of this. When the defendant filed the instant motion, it appeared to be complaining that it had not received the plaintiff's BMO Harris employment records. Now it appears that the defendant has received the plaintiff's BMO Harris employment records (albeit *very* late), yet it still asks the court to order the plaintiff to provide a full and complete response to Interrogatory No. 14 and to provide all documents responsive to Request for Production No. 10. The defendant apparently believes that the plaintiff has more information that is responsive to Interrogatory No. 14, and that there are more documents responsive to Request for Production No. 10, but does not say why it thinks so or what the information/documents might be.

14

Complicating matters is the fact that there appears to be no discovery cut-off date. The court issued the initial scheduling order on September 9, 2022. Dkt. No. 22. That order included a discovery cut-off for both expert and fact discovery of December 15, 2023. Id. at 3. In February 2023, the parties filed a stipulation to modify that scheduling order; the court approved the stipulation and extended the deadline for completing all discovery to March 15, 2024. Dkt. No. 42. In May 2023, the plaintiff filed an unopposed motion to modify the scheduling order. Dkt. No. 52. The court granted the motion, vacated the prior scheduling order and said that it would set new dates after ruling on the defendant's motion for a protective order. DKt. No. 53. As the court has stated several times, it issued that ruling on September 18, 2023. Dkt. No. 54. On October 13, 2023, the parties filed a joint status report. Dkt. No. 56. That order included deadlines for expert discovery, amendment of the pleadings/joinder of parties, dispositive and Daubert motions, mediation, motions *in limine* and pretrial motions and pretrial reports; it mentioned nothing about a deadline for completing *fact* discovery. The court's scheduling order therefore contained no deadline for completing fact discovery. Dkt. No. 57. Four months later, the defendant filed the instant motion.[8]

The fact that there is no cut-off date for fact discovery does not excuse the plaintiff failing to timely respond to the defendant's discovery demands, of

[8] Recently, the plaintiff's counsel filed a motion to amend/correct the scheduling order, dkt. no. 66, then three days later filed a stipulation to modify the scheduling order, dkt. no. 70. Neither of those pleadings includes a deadline for completing fact discovery.

course. The defendant served its discovery demands September 30, 2022. Dkt. No. 54 at 2. The responses, then, were due by the end of October 2022. Regardless of the date for completing fact discovery (which, at that time, was December 15, 2023), the plaintiff should have provided his responses within thirty days or requested from the defendant additional time to respond. Now, almost nineteen months after the defendant propounded its discovery demands, it asserts that the plaintiff has not fully responded to Interrogatory No. 14 or to Request for Production No. 10 but does not explain what is missing. And the plaintiff has not bothered to respond to the motion, either to assert that he has complied or to ask what the defendant thinks he has yet to do.

As to Interrogatory No. 14 and Request for Production No. 10, the court will order that, to the extent the plaintiff has not done so, he must provide full and complete responses. If the defendant does not receive what it believes to be the responsive materials by the deadline the court sets, it may seek further assistance from the court, but it must specify what it believes it should have received that it did not.

Because the plaintiff did not comply with the September 18, 2023 order, the court will order the plaintiff's counsel to pay the defendant's reasonable expenses, including attorney's fees.[9] See Fed. R. Civ. P. 37(b)(2)(C). Rule 37(b)

---

[9] The court will require the plaintiff's counsel—not the plaintiff himself—to pay these fees. The plaintiff's counsel has exhibited a pattern of failing to timely respond, or to respond at all, to the defendant's motions or discovery requests. Without some proof that this pattern is attributable to the plaintiff, the court is

16

requires such payment "*unless* the failure was substantially justified or other circumstances make an award of expenses unjust." Id.; see also Stephens v. Baker & McKenzie LLP, 769 F. App'x 362, 365 (7th Cir. 2019) ("Any litigant who disobeys a district court's discovery order must pay 'reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" (quoting Fed. R. Civ. P. 37(b)(2)(C)). It was the plaintiff's burden to establish that his failure to comply with the court's previous discovery order was substantially justified or that other circumstances make an award of expenses unjust. See DR Distributors, LLC, 513 F. Supp. 3d at 959; see also Sik Gaek, Inc. v. Harris, 789 F.3d 797, 800 (7th Cir. 2015) (affirming district court's decision not to impose fees under Fed. R. Civ. P. 37(b)(2)(C) because the disobedient party submitted material showing failure to attend subject deposition "was an inadvertent and irreproachable incident"). The plaintiff has not only has not met this burden but has not responded to the motion at all.

Although the court recognizes that the defendant is requesting fees not only for this motion but also for its original motion to compel, the court is awarding only those "reasonable expenses, including attorney's fees," related to this motion. See Fed. R. Civ. P. 37(b)(2)(C). Rule 37(b)(2) addresses only circumstances where a party "fails to obey *an order* to provide or permit discovery[.]" Fed. R. Civ. P. 37(b)(2)(A) (emphasis added). The "order" that the

---

hesitant to order the plaintiff himself to pay for what appear to be the mistakes of his counsel.

17

Case 2:22-cv-00586-PP   Filed 04/16/24   Page 17 of 19   Document 71

plaintiff failed to obey is the court's September 18, 2023 order. Dkt. No. 54. There was no order in effect when the defendant filed its motion to compel. Dkt. No. 30. Further, the September 18, 2023 order reasoned that "[b]ecause some of [the defendant's] requests and interrogatories were overly broad and/or not proportional, the court will require the parties to bear their own costs for this discovery dispute." Dkt. No. 54 at 22. For these reasons, the court awards the defendant "reasonable expenses, including attorney's fees," related only to the defendant's instant motion to enforce the court's discovery order and for sanctions. Dkt. No. 58.

**IV.    Conclusion**

The court **GRANTS** the defendant's motion to enforce the court's discovery order and for sanctions against plaintiff. Dkt. No. 58.

The court **ORDERS** that by the end of the day on **May 17, 2024**, the plaintiff must provide to the defendant a full and complete response to Interrogatory No. 14 and provide all responsive documents in its possession, custody or control that are responsive to Requests for Production 10, 22 and 24. If the plaintiff fails to provide the required information, or file an extension of time to do so, by the end of the day on May 17, 2024, the court may impose additional sanctions as allowed under Fed. R. Civ. P. 37(b)(2)(A).

Under Fed. R. Civ. P. 37(b)(2)(C), the court **ORDERS** the plaintiff's counsel to pay the defendant's reasonable expenses, including attorney's fees, for the plaintiff's failure to comply with the court's September 18, 2023 order. The court **ORDERS** that by the end of the day on **May 17, 2024**, the defendant

18

must file an itemized statement of the costs and fees incurred in litigation the motion at Dkt. No. 58. If the plaintiff contests any of the costs and fees, he may file a response in time for the court to receive it by day's end on **June 7, 2024**.

Dated in Milwaukee, Wisconsin this 16th day of April, 2024.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**